## STATE v WOOD

Ohio Appeals, 2nd Dist, Montgomery Co

No 1677. Decided April 11, 1941

### OPINION

By HORNBECK, J.

This is an appeal on questions of law from a judgment finding defendant guilty of assault with a deadly weapon, viz, an axe.

The information against the defendant was that on or about the 15th day of July, 1939, she did strike at Norman Miexner with a deadly weapon in violation of §12423 GC.

The errors assigned are irregularity in the proceedings at the trial which prevented the defendant from having a fair trial, misconduct of the Prosecuting Attorney, newly discovered evidence and other errors and irregularities.

The defendant was first arrested on a warrant issuing out of a justice of the peace court in which court an affidavit was filed against her charging that she struck at Norman Miexner with a deadly weapon and conducted herself in a disorderly manner by using profane language in the presence of minor children. The latter part of the charge was withdrawn and the former part carried into the information on which defendant was required to go to trial. The cause was tried to a jury, which returned a verdict of guilty on which the judgment and sentence was pronounced. The trial judge assessed a fine of $200 and costs and sentenced defendant to six months in the workhouse of the city of Dayton, but suspended the $200 fine and the workhouse sentence leaving only the costs as the sentence.

The record is novel in that the answers of the witnesses are so short as almost to be cryptic. In fact, it is difficult to get the full setting leading up to and attending the act upon which the offense charged is predicated.

The situation apparently developed, in part, because the witnesses, espe-

Benjamin Horn, Dayton; Robert Boesch, Dayton, for plaintiff-appellee.

Harold E. Smock, Dayton, for defendant-appellant.

cially for the plaintiff, employed as few words as possible. Counsel seemed to get into the spirit and the trial judge consistently held the witnesses to the very narrow question of whether or not the defendant committed an assault upon the prosecuting witness. Ordinarily it is commendable to prevent witnesses going far afield as they are prone to do, but where one party is asserting a fact and the other is denying it, the attending circumstances many times are most helpful in determining where the truth is to be found.

It appears from the record that the defendant and a Mr. James Smith were neighbors, their lands adjoining. Norman Miexner, the prosecuting witness, is the son-in-law of Mr. Smith. Defendant was the owner of a cow and her calf, which was young, weighing about 300 lbs. On Sunday, July 16, 1939, the calf was found to be on the land and in the corn of Mr. Smith. He was notified by some of his household of the fact and he, Mr. Miexner and others went out to get the calf. They had considerable difficulty. Eventually when the calf was captured it was brought over toward the line fence between Smith and defendant and at that time Mr. Smith had his arms around the calf's neck, May Chaney, a girl from defendant's premises, was holding the calf at about the middle and Miexner had hold of its tail. At this juncture, defendant was seen to emerge from her house with an axe in which there was a handle about 3 feet long and according to the testimony of plaintiff's witnesses, without much delay or interruption she moved over to, upon and against her fence and proceeded to strike first at Miexner, who says that he ducked, and immediately after at Smith. Smith and Miexner then chained the calf to a welding machine, left the scene of the imbroglio and looked up a constable who eventually was brought to the scene and released the calf and turned it over to the defendant.

Defendant's husband likewise was looking up a minion of the law in the person of the sheriff of Montgomery County, but he did not succeed as well as plaintiff's emissaries and neither the sheriff nor any of his deputies ever reached the place of disturbance.

The defendant took the stand and although the offense charged was that she struck at Norman Miexner with the axe, she did not say that she did not strike at him or Smith, but that she did not strike either of them.

It seems to be the theory of the defendant, developed more particularly since the record was made up than at the trial that the purpose of defendant's possession of the axe was to open a place in the wire fence by cutting or removing staples therefrom so that the calf might be permitted to return to its home.

The court was not helpful at all to the defendant in making it possible that she might get her full version of the facts before the jury, but defendant's counsel could have saved his record by propounding the proper questions, proffering answers thereto and saving his record, which was not done. In any event, there is nothing in the record coming from the defendant to the effect that she brought the axe out for the sole purpose of taking the fence down. However, May Chaney, a niece of defendant, a young girl 15 years of age who lived with defendant observed that the calf had gotten out of its pen and says she went over the fence, got a rope and attempted to put it around its neck, but the calf got excited and started running back in the field. She was asked if it was necessary to take the staples out of the fence in order to raise it, which question was objected to and sustained by the court upon the theory that a 14 year old girl could not state that it was necessary to take staples out of the fence in order to raise it.

The question was clearly proper even though it may have been ▮▮▮▮▮▮ ▮ a conclusion of fact. Not all conclusions are prohibited when the observation is such that it is common knowledge that the witness may properly make it under the facts appearing. The age of the girl

only went to the effect of her testimony and not to its competency. Children as young as six years of age are permitted to testify under certain conditions and there is at least one case in Ohio where a murder conviction was predicated upon the testimony of a very young child. We see no reason whatever why a girl 14 or 15 years of age was not qualified to answer the simple question propounded. However, the action of the court was not prejudicial because counsel did not proffer the answer which the witness would have made had she been permitted to answer.

Miss Chaney testified that, although the defendant was striking with the axe she was on her side of the line fence and did not lean over the fence when she struck. This is the only direct testimony of any of the witnesses to the effect that defendant did not strike at Miexner and Smith with the axe. From the witnesses on behalf of the state, no other inference can be drawn than that the defendant held an axe with a handle in it which was three feet long; that Miexner and Smith were just over the wire fence on the Smith land at a distance of about two feet therefrom and that the defendant, standing at the fence on her side of the line, reached over and struck first at Miexner and later at Smith. She thus was in such proximity to them that she had the ability to make effectual her attack had she been a little more accurate in her blows.

The testimony of the state's witness clearly negatives any conclusion that the defendant was trying to tear down the fence when she was striking with the axe. Though she may have been inexpert in using the axe, she could not inadvertently have missed the wire fence by a distance of two or three feet. So that, upon the basic question whether or not she committed the assault as charged, there is ample testimony to support the verdict and judgment.

Complaint is made that the court did not charge fully enough upon the offense. This might be urged in a case where the law was involved, but the jury could not have misinterpreted the question which it was required to decide in this case, and, therefore, the charge of the court is not objectionable.

It is urged by appellant that there is no showing of an intent on the part of the defendant to do injury to the prosecuting witness. The use of a weapon such as an axe in the manner appearing from the testimony of the State's witnesses, affords ample support for the inference that it was intended that it do injury.

On cross-examination of defendant, counsel for the state inquired of her if she had been arrested and convicted to which she answered, "No" and then further asked her whether or not she had been arrested and convicted in Judge Martin's court. The latter question was not permitted to be answered. This is assigned as error. The question was proper. No attempt was made to offer the record of any conviction as tending to effect the credibility of the defendant. If it had been, then the proposition which is urged by appellant here might have become pertinent. **Coble v State, 31 Oh St 100.**

It is urged that the court erred in not permitting certain testimony tending to show that the plaintiff's witnesses could not see the events to which they testified because of the physical conditions attending. An examination of the record does not support this assignment. The record presents a dispute of fact which the jury had the right to resolve in favor of the State.

We have examined all of the errors set up in the brief of counsel for the appellant and find none of them established.

The judgment will be affirmed.

GEIGER, PJ. and BARNES, J., concur.